774 F.2d 1161
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Community Memorial Hospital, Plaintiff-Appellant,
v.
Richard S. Schweiker, as Secretary of Health and Human
Services; PROVIDER REIMBURSEMENT REVIEW BOARD,
Defendants-Appellees.
 No. 84-1808
 United States Court of Appeals, Sixth Circuit.
 9/13/85
 
 E.D.Mich.
 AFFIRMED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 Before: MARTIN and CONTIE, Circuit Judges; and HOGAN, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Community Memorial Hospital appeals from the summary judgment for the defendants holding it liable for certain overpayments of Medicare reimbursement. We affirm.
 
 
 2
 Community Memorial Hospital is a small hospital in Michigan. In 1975 and 1976, the hospital employed several employees whose salaries were paid by the government under the CETA program. In these same years, Community Memorial claimed the salaries of the CETA employees as part of the hospital's reasonable costs for reimbursement under the Medicare program. The hospital's intermediary originally allowed reimbursement for the salaries, but late in 1978, the intermediary notified the hospital that it was reopening the 1975 and 1976 reimbursements to not allow repayment for the salaries of the CETA employees. On April 30, 1974, the intermediary formally adjusted the hospital's amount of reimbursement and sent the hospital 'Amended Notices of Program Reimbursement' to inform the hospital of its decision.
 
 
 3
 Community Memorial appealed the intermediary's decision to the Provider Reimbursement Review Board, which upheld the intermediary's decision. The hospital then filed suit in district court claiming that (1) the CETA funds were eligible for Medicare reimbursement; (2) the intermediary should have been estopped because it originally allowed reimbursement; and (3) the intermediary failed to reopen the plaintiff's case in accordance with the agency's procedural requirements. The Supreme Court in Heckler v. Community Health Services of Crawford County, Inc., 104 S. Ct. 2218 (1984), decided the first two issues against the hospital prior to the district court's decision, so that hospital abandoned those two grounds for reversal. The hospital continued to argue, however, that the Secretary's decision should be reversed because the intermediary failed to follow certain procedural requirements. The district court rejected the argument, finding that although the intermediary may have made some procedural errors, these errors did not prejudice the hospital in the least.
 
 
 4
 In this appeal, the hospital pursues its claim that the Secretary's decision should be reversed because the intermediary failed to meet certain procedural requirements. In particular, the hospital claims that the reopening notice failed to notify it of its right to 'comment, object or submit evidence in rebuttal' as required by Section 2632 of the Medicare Intermediary Manual.[1] It also claims that the 'Amended Notices of Amount of Program Reimbursement' were not proper correction notices, apparently because they were not entitled 'Notices of Correction-Program Reimbursement' as required by Section 2632 of the Manual.
 
 
 5
 We do not believe that these errors could possibly constitute grounds for reversal. Even assuming that the intermediary's violation of the Medicare Intermediary Manual, in contrast to the Secretary's regulations, could ever be a ground for reversal, the hospital in this case was in no way prejudiced by those minor technical errors. The hospital is beyond any doubt responsible for the overpayment of the Medicare reimbursement, and the minor procedural errors in this case clearly would not have affected that determination in the least. Absent some showing of prejudice, we will not reverse the Secretary's decision on some technical procedural ground, when the error certainly did not amount to a denial of due process. See Connor v. United States Civil Service Commission, 721 F.2d 1054, 1057 (6th Cir. 1983).
 
 
 6
 The summary judgment of the district court is affirmed.
 
 
 
 *
 Honorable Timothy S. Hogan, Senior United States District Judge for the Southern District of Ohio, sitting by designation
 
 
 [1]
 Although the appellant seems to argue that the intermediary violated 42 C.F.R. Sec. 405.1887 by not informing the hospital of its right to object and submit evidence, the regulation clearly does not require such notice. 42 C.F.R. Sec. 405.1887 states:
 (a) All parties to any reopening described above shall be given written notice of the reopening. When such reopening results in any revision in the prior decision notice of said revision or revisions will be mailed to the parties with a complete explanation of the basis for the revision or revisions. Notices of reopenings by the Board shall also be sent to the Secretary.
 (b) In any such reopening, the parties to the prior decision shall be allowed a reasonable period of time in which to present any additional evidence or argument in support of their position. Thus, under this regulation, the hospital only had to be allowed a reasonable time to present evidence, and the hospital clearly had such time.